UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TALMADGE MILLER**                                                                                   **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 3:06CV366HTW-JCS

**JOHNSON & JOHNSON and
CENTECOR**                                                                                          **DEFENDANTS**

### DEFENDANTS' MOTION TO DISMISS

Defendants Johnson & Johnson ("J&J") and Centocor, Inc.[1] ("Centocor"), appearing specially for the purpose of this motion only, move to dismiss this lawsuit under FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process, and in the alternative, to quash the attempted service of summons. J&J and Centocor further move to dismiss the lawsuit for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). In support of their motion, J&J and Centocor state:

1.  This case is a pharmaceutical products liability action involving Remicade® (infliximab), an intravenous infusion medication approved by the United States Food and Drug Administration as safe and effective for the treatment of rheumatoid arthritis and Crohn's disease.

2.  On October 2, 2006, plaintiff delivered a copy of the Summons, Complaint and Amended Complaint to Anita Modak-Truran, one of the attorneys for J&J and Centocor.

3.  Plaintiff's attempted service of process on J&J and Centocor through one of its attorneys is ineffective and invalid under FEDERAL RULE OF CIVIL PROCEDURE 4(h), which provides, in pertinent part, that:

---

[1] Centocor, Inc. was incorrectly named in the pleadings as "Centecor".

> [S]ervice upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected ... in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(h).

4.   Ms. Modak-Truran is not an authorized agent of J&J and Centocor. The mere existence of the attorney-client relationship does not convey the specific authority necessary for the attorney to receive service of process on a defendant's behalf. *E.g. Schultz v. Schultz*, 436 F.2d 635, 640 (7th Cir. 1971); *Electroweb Media, Inc. v. Mycashnow.com, Inc.*, slip op., 2006 WL 2850132 at *2 (E.D. Tenn. Sept. 29, 2006). Furthermore, J&J and Centocor have not conferred the right of Ms. Modak-Truran or any one else at Butler, Snow, O'Mara, Stevens & Cannada, PLLC to accept service of process on their behalf in this lawsuit.

5.   Accordingly, under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4) and (5), the Court should dismiss the lawsuit because of insufficiency of process and insufficiency of service of process, and in the alternative, quash the attempted service of summons.

6.   Furthermore, the Court should dismiss with prejudice the lawsuit under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) because plaintiff does not state a viable cause of action against J&J and Centocor.

7.   Plaintiff's claims are time-barred under Judge Lee's order entered on April 11, 2006, in *Talmadge Miller v. Johnson & Johnson and Centocor, Inc.*, Civil Action No. 3:03CV1368LS (hereinafter cited as "*Miller I*"). A copy of Judge Lee's Order dated April 11,

2006, is attached as Exhibit "A".[2]

8. In *Miller I*, after three years of litigation, the matter was set for a pretrial conference on April 10, 2006. *See* Exhibit "A". Plaintiff's counsel, Mike Younger, had advised defense counsel that he would be moving to withdraw six months before the pretrial conference, and shortly before the pretrial conference, plaintiff's counsel did in fact file a motion to withdraw.

9. Based on representations made by counsel for plaintiff that he was suffering serious and debilitating health problems that prohibited his continued participated in the lawsuit, J&J and Centocor did not oppose a dismissal without prejudice or the tolling of the statute of limitations for new counsel to refile the action within ninety (90) days at the April 10, 2006 pretrial conference.

10. Accordingly, on April 11, 2006, Judge Lee entered an order dismissing without prejudice *Miller I* and tolling the statute of limitations for ninety (90) days to allow new counsel to refile the action. *See* Exhibit "A".

11. The ninety-day period expired on July 11, 2006. The action was not refiled by new counsel within this period, and thus, this matter is time-barred.

12. Indeed, there is no "new" counsel involved in this matter. The first time that summons was issued in the refiled case was on September 14, 2006. It was filed by Mike Younger, the same counsel who successfully evaded the completion of discovery, a motion for summary judgment and the May 2006 trial date by withdrawing as plaintiff's counsel in *Miller I*.

---

[2] For purposes of this 12(b)(6) motion, the court may take judicial notice of the order entered by Judge Lee in *Miller I*. *See Humphrey v. Horseley*, slip op., 2004 WL 1391925 at *1 (N.D. Tex. June 22, 2004); *Williams v. Clevengar, Officer*, slip op., 2004 WL 1208912 at *1 (N.D. Tex. June 2, 2004)

13.    In short, because new counsel for Miller did not refile the action by July 11, 2006 as ordered by Judge Lee in *Miller I*, this action is time-barred.[3]

WHEREFORE, PREMISES CONSIDERED, Defendants Johnson & Johnson and Centocor, Inc., respectfully request this Court to enter an Order:

A.    Dismissing the lawsuit for insufficiency of process and insufficiency of service of process;

B.    Alternatively, quashing the attempted service of process on October 2, 2006;

C.    Dismissing with prejudice this lawsuit for failure to state a claim because the pleading is time-barred under Judge Lee's order dated April 11, 2006; and

D.    Granting any other relief the Court deems just and proper.

Respectfully submitted, this the 20th day of October, 2006.

/s/ Anita Modak-Truran
CHRISTY D. JONES, Miss. Bar No. 3192
ANITA MODAK-TRURAN, Miss. Bar No. 99422
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
210 East Capitol Street
Post Office Box 22567
Jackson, Mississippi 39225-2567
Telephone: (601) 948-5711
Facsimile: (601) 949-4500

UNDER A SPECIAL AND LIMITED APPEARANCE FOR
JOHNSON & JOHNSON AND CENTOCOR, INC.

---

[3] Attached to the Summons issued on September 14, 2006, is an Amended Complaint file-stamped September 13, 2006. Attached to the Amended Complaint is a Complaint file-stamped July 7, 2006. Other than adding a paragraph that federal jurisdiction exists, the Amended Complaint is identical to the Complaint. Curiously, back in July 2006, multiple searches were made in the United States District Court for the Southern District of Mississippi for pleadings filed on behalf of Talmadge Miller. The Complaint file-stamped July 7, 2006, did not appear in those searches.

## CERTIFICATE OF SERVICE

I, ANITA MODAK-TRURAN, one of the attorneys for the Defendants, do hereby certify that I have this day caused to be served a true and correct copy of Defendants' Motion to Dismiss to the undersigned plaintiff and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

Michael P. Younger
Law Office of Michael P. Younger
168 West Government Street
Brandon, MS  39042
younger@bellsouth.net

ATTORNEY FOR PLAINTIFF

SO CERTIFIED, this the 20th day of October, 2006.

/s/ Anita Modak-Truran
ANITA K. MODAK-TRURAN

Jackson 168308 1v.1